UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    PLAINTIFF,<br><br>      v.<br><br>WALGREENS, CO.,<br>    DEFENDANT. | CIVIL ACTION<br>NO. 1:22-CV-5357<br><br>JURY DEMAND |

**COMPLAINT**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Titles I and V of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and disability and to provide appropriate relief to Jane Doe.[1] As alleged with greater particularity below, the defendant, Walgreens, Co. ("Walgreens"): (1) refused to provide Ms. Doe with a reasonable accommodation for pregnancy-related conditions; (2) refused to provide Ms. Doe with a reasonable accommodation for a disability; (3) refused to provide Ms. Doe with a further reasonable accommodation because she had previously requested a reasonable accommodation for a disability; (4) constructively discharged Ms. Doe because of her pregnancy-related conditions; and (5) constructively discharged Ms. Doe because of her disability.

---

[1] "Jane Doe" is a pseudonym.

1

## JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), pursuant to the ADA, 42 U.S.C. § 12117(a), which incorporates Title VII by reference, and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United States District Court for the Western District of Louisiana pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3), and pursuant to the ADA, 42 U.S.C. § 12117(a), which incorporates Title VII by reference.

## PARTIES

3. The plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by the ADA, 42 U.S.C. § 12117(a), which incorporates Title VII by reference.

4. At all relevant times, the defendant, Walgreens, has continuously been an entity doing business in the State of Louisiana and has continuously had at least 15 employees.

5. At all relevant times, Walgreens has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g), and (h), and under the ADA, 42 U.S.C.§ 12111(5) and (7).

6. At all relevant times, Walgreens has been a covered entity under the ADA, 42 U.S.C. § 12111(2).

### ADMINISTRATIVE PROCEDURES

6. More than 30 days prior to the institution of this action, Ms. Doe filed a charge of discrimination (461-2021-00459) with the Commission alleging violations of Title VII and the ADA by Walgreens.

7. On or about July 25, 2022, the Commission issued to Walgreens a letter of determination ("determination") finding reasonable cause to believe that Walgreens violated Title VII and the ADA and inviting Walgreens to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Walgreens to provide the opportunity to remedy the discriminatory practices described in the determination.

9. On or about August 16, 2022, the Commission issued to Walgreens a notice of conciliation failure, advising that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this action have been fulfilled.

STATEMENT OF FACTS

11. On or about September 17, 2020, Walgreens hired Ms. Doe as a customer sales associate at its store on Masonic Drive in Alexandria, Louisiana.

12. Amanda Dixon, the store manager, supervised Ms. Doe.

13. Less than a month after she was hired, Ms. Doe notified Ms. Dixon that she was under the care of a physician because of weakness and asked to be allowed to eat, as needed, while at work.

14. On or about October 27, 2020, Ms. Doe notified Walgreens that she was pregnant.

15. On or about November 1, 2020, Ms. Doe sent Ms. Dixon a text message, which said: "I am to[o] light headed and confused to come back to work[.] I'm pregnant and I struggle with low blood sugar[.] I always go on lunch at 5[.] [Another supervisor] told me I couldn't[.] I asked could I take a 15 [minute break] just to eat something[.] She said no[.] I asked could I grab my snack to eat until . . . lunch at 6[.] She said no . . . . I'm high risk[.] I'm drained[;] my blood sugar is under 40 right now. I have my appointment in the morning[.] I'm not sure if my doctor will let me work. . . . I feel the situation could have been handle[d] differently."

16. On or about November 1, 2020, Ms. Dixon sent a text message in response, which said: "[Y]ou've never explained your situation besides having low blood sugar . . . . [S]he could have let you grab a snack but she made the decision not to . . . . [W]hen you go to [the] doctor in [the] morning we need something from

[the] doctor with your restrictions and blood sugar issues . . . we need you at work so we can get ready for inventory or this will be job abandonment if no . . . excuse . . . . If you want to talk about it, you'll have to come in and talk to me[.]"

17. On or about November 1, 2020, Ms. Doe sent a text message in response, which said: "I'm on my way back [Ms. Dixon.] 😊." Ms. Doe then returned to the store and finished her shift.

18. On or about November 2, 2020, Ms. Doe provided Walgreens with a doctor's note, which said: "Due to being a diabetic, please allow patient to have a snack throughout her work day." Ms. Dixon was, at that point, also aware that Ms. Doe was pregnant.

19. On or about December 2, 2020, at 7:00 AM, Ms. Doe was working with Deanne Robertson, a shift lead.

20. Ms. Doe went to the restroom and noticed that she was spotting.

21. Ms. Doe told Ms. Robertson that she was sick and that she needed to leave. Ms. Robertson told Ms. Doe to stay until Ms. Dixon arrived. Ms. Doe also called her doctor.

22. When Ms. Dixon arrived, Ms. Doe immediately told her that she was spotting and that she needed to leave.

23. Although employees are usually permitted to leave if there is an emergency and although Ms. Dixon and Ms. Robertson could have covered for her, Ms. Dixon nonetheless told Ms. Doe that she could not leave until Ms. Robertson or Ms. Dixon found a replacement for her.

24. Walgreens ordinarily permits employees to leave if they are experiencing an emergency.

25. It is not unusual for the store manager and the shift lead to cover for a customer sales associate when a replacement is unavailable.

26. On or about December 2, 2020, Ms. Dixon told Ms. Doe that she could not find a replacement for her, that Ms. Dixon had hired Ms. Doe before she became pregnant, that Ms. Doe was not a good fit for Walgreens now that she was pregnant, and that Ms. Doe had asked for too many accommodations.

27. On or about December 2, 2020, at 8:19 AM, Ms. Doe's doctor sent Ms. Doe a text message, which said: "Call the office and we will get you to come in to check things out."

28. When Ms. Doe received the text message from her doctor on or about December 2, 2020, she told Ms. Dixon, in light of Ms. Dixon's refusal to approve Ms. Doe's leaving, that she was resigning because she needed to leave to get to her doctor.

29. On or about December 2, 2020, Ms. Doe had a miscarriage.

## STATEMENT OF CLAIMS

30. Since at least 2020, Walgreens has engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e-2(a).

    A. Ms. Doe asked for—and Walgreens refused to provide— temporary leave as a reasonable accommodation for her pregnancy-related conditions, including but not limited to spotting and miscarriage, even

though it provided temporary leave to employees without pregnancy-related conditions who were similar in their ability to work.

  B. Walgreens constructively discharged Ms. Doe when it failed to provide Ms. Doe with temporary leave as a reasonable accommodation for pregnancy-related conditions, requiring her to resign to seek immediate medical treatment.

31. Since at least 2020, Walgreens has engaged in unlawful employment practices in violation of the ADA, 42 U.S.C. § 12112.

  A. Ms. Doe is a qualified individual with a disability under the ADA, 42 U.S.C. § 12102 and 12111(8). Ms. Doe had impairments, including but not limited to diabetes and hypoglycemia, that substantially limited major life activities, including but not limited to eating, concentrating, and the operation of major bodily functions, including the functions of the digestive, genitourinary, bowel, bladder, neurological, circulatory, cardiovascular, endocrine, and reproductive functions.

  B. Ms. Doe asked for—and Walgreens refused to provide—temporary leave as a reasonable accommodation for her disability.

  C. Walgreens constructively discharged Ms. Doe when it failed to provide Ms. Doe with temporary leave as a reasonable accommodation for her disability, requiring her to resign to seek immediate medical treatment.

32. Since at least 2020, Walgreens has engaged in unlawful employment practices in violation of the ADA, 42 U.S.C. § 12203. In particular, Walgreens

refused to provide Ms. Doe with temporary leave as a reasonable accommodation for her disability because she had previously engaged in protected activity under the ADA by requesting reasonable accommodation for her disability, including but not limited to diabetes and hypoglycemia.

33. The effect of Walgreens' unlawful employment practices complained of above has been to deprive Ms. Doe of equal employment opportunities and to otherwise adversely affect her status because of sex (pregnancy), in violation of Title VII, and because of disability and because she engaged in protected activity, in violation of the ADA.

34. The unlawful employment practices complained of herein were intentional.

35. Walgreens acted with malice and/or reckless indifference to the federally protected rights of Ms. Doe when it engaged in the unlawful employment practices complained of above.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Walgreens, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its applicants or employees on the basis of sex (pregnancy), disability, and protected activity.

B. Order Walgreens to institute and carry out policies, practices, and programs that provide equal employment opportunities for applicants

and employees who are pregnant and/or disabled and that eradicate the effects of its past and present unlawful employment practices.

  C. Order Walgreens to make Ms. Doe whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

  D. Order Walgreens to post and keep posted the notices required by Title VII, 42 U.S.C. § 2000e-10(a) and by the ADA, 42 U.S.C. § 12115.

  E. Order Walgreens to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Title VII, 42 U.S.C. § 2000e-8(c) and the ADA, 42 U.S.C. § 12117(a).

  F. Order Walgreens to make Ms. Doe whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job-search and medical expenses, in amounts to be determined at trial.

  G. Order Walgreens to make Ms. Doe whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

H. Order Walgreens to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**Gwendolyn Young Reams**
Acting General Counsel

**Christopher Lage**
Deputy General Counsel

**Rudy L. Sustaita**
Regional Attorney

**Gregory T. Juge**
Assistant Regional Attorney

/s/ Andrew B. Kingsley
**Andrew B. Kingsley (Lead)**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 208-8661
Email: andrew.kingsley@eeoc.gov
Louisiana Bar No. 35865

**Elizabeth J. Owen**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2535
Email: elizabeth.owen@eeoc.gov
Louisiana Bar No. 33620

**Peter Theis**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2548
Email: peter.theis@eeoc.gov
Louisiana Bar No. 34786

COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION