# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    PLAINTIFF, | CIVIL ACTION<br>NO. 1:22-CV-5357 |
| v. | DISTRICT JUDGE<br>TERRY A DOUGHTY |
| WALGREENS, CO.,<br>    DEFENDANT. | MAGISTRATE JUDGE JOSEPH H L PEREZ-MONTES |

## CONSENT DECREE

### INTRODUCTION

The plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against the defendant, Walgreen Co. ("Walgreens"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act ("PDA"), the Civil Rights Act of 1991, and the Americans with Disabilities Act ("ADA"). The EEOC's complaint alleges that Walgreens (1) refused to provide Jane Doe[1] with a reasonable accommodation for pregnancy-related conditions; (2) refused to provide Ms. Doe with a reasonable accommodation for a disability; (3) refused to provide Ms. Doe with a further reasonable accommodation because she had previously requested a reasonable accommodation for a disability; (4) constructively discharged Ms. Doe because of her pregnancy-related conditions; and (5) constructively discharged Ms. Doe because of her disability. The EEOC's

---

[1]    "Jane Doe" is a pseudonym for the person who filed the charge of discrimination giving rise to this action. Walgreens is aware of the person's identity.

complaint arose from Ms. Doe's charge of discrimination alleging the same. Prior to filing its complaint, the EEOC issued a letter of determination, stating that there was reasonable cause to believe that Walgreens violated Title VII and the ADA. The EEOC issued a notice of conciliation failure after it could not secure a resolution acceptable to it. Walgreens denies the allegations in the EEOC's Complaint that it engaged in any unlawful employment practices in violation of Title VII or the ADA. This Decree does not constitute a finding on the merits of the case and does not constitute an admission by Walgreens of the allegations in the Complaint. The Commission and Walgreens have consented to the entry of this Decree in order to avoid the additional expense and other burdens that continued and protracted litigation of this case would involve.

JURISDICTION & VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3), pursuant to the ADA, 42 U.S.C. § 12117(a), which incorporates Title VII by reference, and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Venue lies in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices that are the subject of the complaint arise out of Louisiana.

The parties have agreed that this Court has personal jurisdiction over them and that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ORDERED, ADJUDGED, AND DECREED**:

GENERAL

1.      This Decree resolves all claims and issues raised in Ms. Doe's charge, the EEOC's determination regarding that charge, and the EEOC's complaint in this action.

2.      The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim or issue arising from any other charges of discrimination against Walgreens.

3.      The parties must each bear any costs and attorneys' fees they incurred in connection with this action, except that the Court may require Walgreens to bear any costs and attorneys' fees the EEOC subsequently incurs in enforcing this Decree. Walgreens must bear all costs and attorneys' fees necessary for it to comply with this Decree.

4.      This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree. The entry of this Decree suspends all deadlines in this action.

5.      This Consent Decree represents the complete understanding among the parties with regard to the matters discussed herein.

6.      The parties must take all steps necessary to effectuate the terms and conditions of this Consent Decree. The Court may only amend this Decree if all parties have consented in writing. A party seeking to amend the Decree must attempt to meet and confer with the others in good faith before making a request that the Court amend the Decree.

DEFINITIONS

7.      These definitions apply herein:

A.      "Walgreens" means and refers to the defendant, Walgreen Co., and its predecessors, successors, assigns, agents, and subsidiaries.

B.      "EEOC" means the plaintiff, the U.S. Equal Employment Opportunity Commission, an agency of the United States.

C.      "Parties" mean the EEOC and Walgreens.

D.      "Charge" or "charge of discrimination" means Ms. Doe's charge of discrimination, Charge No. 461-2021-00459.

E.      "Jane Doe" and "Ms. Doe," which are pseudonyms, mean the charging party who filed the charge of discrimination (Charge No. 461-2021-00459) giving rise to this action.

F.      "Days" means calendar—not business—days.

G.      "Effective date" or "date of entry" means the date the Court enters this Decree.

H.      "Court" refers to the United States District Court for the Western District of Louisiana.

I.      "Consent Decree" and "Decree" mean this order.

J.    "Liaison" means the representative appointed by Walgreens to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

DURATION

8.    This Consent Decree will remain in effect for a period of two years from the date of its entry.

SCOPE

9.    All terms of this Decree apply only to all Walgreens' retail stores included in the district in which the Alexandria, Masonic Drive store is included.

10.    As of the date of entry of this Decree, the district in which the Alexandria, Masonic Drive store is included includes all Walgreens' retail store locations in Alexandria, Baker, Baton Rouge, Greenwell Springs, Marksville, Natchitoches, Opelousas, Pineville, Port Allen and Zachary, Louisiana, all of which are subject to the terms of this Decree.

11.    In the event that there is a change to the makeup of the district in which the Alexandria, Masonic Drive store is included, Walgreens, through the Liaison, will provide the EEOC with a list of the retail store locations included in the district within fourteen (14) calendar days of the change(s).  The retail store locations included in the changed district will be subject to the terms of this Decree.

PAYMENTS

12.     Walgreens must pay the total settlement amount of $205,000.00 (less applicable legal deductions) to Ms. Doe, in the manner described below. No part of this total amount will revert to Walgreens.

13.     Walgreens acknowledges that this total amount is a debt owed to and collectible by the United States.

14.     The EEOC has unilateral discretion to decide the allocation of the total amount as described herein. In particular, the EEOC has sole discretion to determine the individual backpay and damages amounts Walgreens must pay to Ms. Doe.  The settlement allocation will comply with IRS regulations.

15.     The EEOC will provide Walgreens' attorneys of record with (a) the individual backpay amount Walgreens must pay Ms. Doe, (b) the individual damages amount (pursuant to 42 U.S.C. § 1981a) Walgreens must pay Ms. Doe, and (c) a Release (attached hereto as Exhibit A) executed by Ms. Doe.

16.     Walgreens must pay Ms. Doe the individual amounts by wire transfer.

17.     Within twenty-one days of receiving from the EEOC (a) the individual backpay amount Walgreens must pay Ms. Doe, (b) the individual damages amount Walgreens must pay Ms. Doe, (c) the details of Ms. Doe's bank account to which the wire transfer will be made, (d) a fully executed W-9 from Ms. Doe, and (e) a Release executed by Ms. Doe, Walgreens must pay Ms. Doe those individual amounts. Walgreens may make tax-related withholdings from the backpay amount, but Walgreens must not make withholdings from the damages amount. Any withholdings must be itemized in a statement accompanying the payment from which it made such withholdings.

18.    Within seven days of making the wire transfer to Ms. Doe, Walgreens must send a copy of the wire transfer confirmation to the EEOC in the manner specified for notice under this Decree.

19.    Walgreens must also timely send any and all appropriate U.S. Internal Revenue Service forms (for instance, forms W-2 and 1099) to Ms. Doe via regular U.S. mail at the address on the Release executed by her.

PROHIBITIONS

20.    While this Consent Decree is in effect, Walgreens is hereby enjoined from any and all conduct violating Title VII or the ADA at its stores specified in the Scope as defined at Paragraphs 9-11 herein, specifically:

A.    Discriminating against any employee because of that employee's disability or pregnancy.

B.    Retaliating against any employee or applicant who complains about, reports, or otherwise opposes what that employee or applicant reasonably believes to be unlawful discrimination or retaliation under Title VII or the ADA.

C.    Retaliating against any employee or applicant who (1) has filed any charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, (4) has sought or seeks monetary or nonmonetary relief as a result of this or any other investigation or litigation by the EEOC, (5) has received or receives monetary or nonmonetary relief as a result of this or any other investigation or litigation

by the EEOC, or (6) otherwise engages in protected activity under Title VII or the ADA.

## REFERENCES

21.     Ms. Doe will direct prospective employers to the Walgreens Workline at 1-800-367-5690 for employment references. The Walgreens Workline will only confirm Ms. Doe's dates of employment and title and provide no additional information about Ms. Doe's employment.

22.     The above-referenced neutral reference must not discuss, mention, or allude in any way—directly or indirectly—to this litigation or the circumstances underlying this litigation.

## PERSONNEL RECORDS

23.     Walgreens must exclude from Ms. Doe's personnel file, segregate, and keep confidential, anything related to this litigation or the circumstances underlying this litigation.

## LIAISON

24.     Within 15 days of the entry of this Decree, Walgreens must designate a Liaison, and within 15 days of the removal, resignation, or incapacitation of that or a subsequent Liaison, it must designate another Liaison. The Liaison must be a district manager who possesses the knowledge, capability, and resources to ensure that Walgreens complies with the terms and conditions of the Consent Decree.

25.     Walgreens must designate the Liaison by providing the EEOC with the Liaison's name, job title, mailing address, email address, and telephone number and by also providing the EEOC with a declaration from Walgreens' Counsel,

Employment Law stating that (a) Walgreens has assigned the Liaison responsibility for ensuring that it complies with the Decree, (b) that the Liaison has authority to act on Walgreens' behalf with regard to the Decree, (c) that any act or failure to act by the Liaison will be attributable to Walgreens, and (d) that the Liaison is supervised by Walgreens' Counsel, Employment Law for purposes of fulfilling the requirements of this Consent Decree.

LIAISON TRAINING

26.    Within 45 days of designating a Liaison, Walgreens must provide the Liaison with a one-hour training session on the terms and conditions of the Decree. The trainer must be an attorney with at least five years' employment discrimination experience. Within 15 days of designating a Liaison, Walgreens must provide the EEOC with the name and credentials of the trainer, the outline for the training, and the materials for the training. The EEOC may reject the trainer, the outline, or the materials within 15 days. If it does so, Walgreens must provide the EEOC with the name and credentials of a new trainer, a new outline for the training, or new materials for the training, as necessary, within seven days.

27.    Within 15 days of the training session, Walgreens must provide the EEOC with a declaration by the Liaison affirming that the Liaison attended the training session and is familiar with the terms and conditions of the Consent Decree.

REPORTS

28.    Walgreens through the Liaison must provide biannual reports to the EEOC.

29.    Each year the Decree is in effect, it must provide: (A) a first report at least 210 days before the anniversary of the entry of the Decree, and (B) a second report at least 30 days before the anniversary of the entry of the Decree.

30.    Each report must contain the following pertaining to the locations defined in the Scope section at Paragraphs 9-11 herein:

A.    A list of all Walgreens facilities that are subject to the Decree, identifying each by name, physical address, and number of employees.

B.    A list of any reports or complaints received by Walgreens, whether written or oral, of discrimination based on pregnancy or disability at the locations defined in the Scope section at Paragraphs 9-11 herein during the preceding six-month period and copies of any related materials. And, for each, a concise description of the accompanying facts and all actions taken by Walgreens in response. Walgreens must ensure that supervisors, managers, and officers notify human resources of all complaints to ensure their inclusion in the reports submitted pursuant to this Decree.

C.    Copies of any discrimination, harassment, or retaliation policies that Walgreens enacted, modified, or revoked during the preceding six-month period.

D.    A list of Walgreens' employees, including supervisors, who received training required under this Decree, identifying each employees' name, job title, facility, and the date, time, and location at which that they received the training.

E.     A list of Walgreens' employees, including supervisors, who Walgreens was required by this Decree to train but who did not receive training required under this Decree, identifying each employees' name, job title, facility, and the reason they did not receive training.

F.     A declaration by the Liaison stating that the report is accurate and complete and affirming that Walgreens has complied with all terms and conditions of the Decree or, if not, then explaining why it has not and how it will remedy its failure to comply.

## SUPERVISORY TRAINING

31.     Within 120 days after the entry of the Decree and within 120 days after each anniversary of the entry of the Decree, Walgreens must provide all non-pharmacy supervisory employees (including but not limited to the store manager, and emerging store manager, but not including shift leads or cashiers) at the facilities defined in the Scope section at Paragraphs 9-11 herein and the shift leads at the Masonic Drive store with a training on discrimination and retaliation prohibited by Title VII and the ADA.  The training must be for a minimum of two hours and must include, but will not be limited to, the following topics:

A.     The purposes of Title VII and the ADA.

B.     Examples of disability and pregnancy discrimination.

C.     Examples of retaliation (including examples of protected activity).

D.     Employees' rights under Title VII and the ADA.

E.     Walgreens' responsibilities under Title VII and the ADA.

F.     Walgreens' discrimination and retaliation policies.

G.    Procedure for reporting discrimination and retaliation to Walgreens and Walgreens' process for investigating and responding to such reports.

H.    The accommodations process for disability- and pregnancy-related impairments or conditions.

I.    Procedure for reporting discrimination and retaliation to the EEOC.

J.    Location of Walgreens discrimination and retaliation policies.

32.    The supervisory training sessions need not be live, but if they are not live, they must be interactive and Walgreens must ensure that all supervisory employees actively participated (for instance, by tracking the employee's activity and/or requiring the employee to respond to prompts).

33.    The training sessions must provide participants an opportunity to ask questions.  Any questions must receive a response within two business days.

34.    Walgreens may provide the training through the web-based training tool for managers submitted to the EEOC on March 9, 2023 without prior EEOC approval provided that Walgreens include a copy of the training in the biannual report(s) described in paragraphs 28 to 30 of this Decree.  If Walgreens provides the training through a different format or trainer, or if the content of the training changes in any material respect, Walgreens must provide the EEOC with the name and credentials of the trainer, the agenda for the training, and the materials for the training at least 60 days before the training sessions, and such training shall be subject to EEOC approval.  The EEOC may reject the trainer, the agenda, or the materials within 15 days. If the EEOC does so, Walgreens must provide the EEOC with the name and

credentials of a new trainer, a new agenda, and/or new materials, as necessary, within seven days.

35.     Within 30 days after the training session, Walgreens must provide the EEOC with a sign-in registry for the training session and a declaration by the Liaison affirming that all relevant employees attended the training session.

NONSUPERVISORY TRAINING

36.     Within 120 days after the entry of the Decree and within 120 days after each anniversary of the entry of the Decree, Walgreens must provide all non-pharmacy, nonsupervisory employees at the facilities defined in the Scope section at Paragraphs 9-11 with a training on discrimination and retaliation prohibited by Title VII and the ADA.  The training must be for a minimum of one and one-half hours and must include, but will not be limited to, the following topics:

A.     The purposes of Title VII and the ADA.

B.     Protected classes under Title VII and the ADA.

C.     Examples of disability and sex discrimination.

D.     Examples of retaliation (including examples of protected activity).

E.     Employees' rights under Title VII and the ADA.

F.     Walgreens' responsibilities under Title VII and the ADA.

G.     Walgreens' discrimination and retaliation policies.

H.     Procedure for reporting discrimination and retaliation to Walgreens and Walgreen's process for investigating and responding to such reports.

I.     The accommodations process for disability- and pregnancy-related impairments or conditions.

      J.      Examples of accommodations.

      K.     Procedure for reporting discrimination and retaliation to the EEOC.

      L.     Location of Walgreens discrimination and retaliation policies.

37.    The nonsupervisory training sessions need not be live, but if they are not live, they must be interactive and Walgreens must ensure that employees actively participated (for instance, by tracking the employee's activity and/or requiring the employee to respond to prompts).

38.    Walgreens may satisfy the nonsupervisory training requirement by providing training that is materially similar to the web-based training tool for managers submitted to the EEOC on March 9, 2023.  Such training may be provided without advanced EEOC approval, provided that the training addresses, at a minimum, the topics described in paragraph 36 of this Decree, and further provided that Walgreens includes a copy of the training in the biannual report(s) described in paragraphs 28 to 30 of this Decree.  If Walgreens provides the training through a different format or trainer, or if the content of the training changes in any material respect, Walgreens shall provide the EEOC with the name and credentials of the trainer, the agenda for the training, and the materials for the training at least 60 days before the training sessions, and such training shall be subject to EEOC approval.  The EEOC may reject the trainer, the agenda, or the materials within 15 days. If the EEOC does so, Walgreens must provide the EEOC with the name and credentials of a new trainer, a new agenda, and/or new materials, as necessary, within seven days.

14

39.    Within 30 days after the training session, Walgreens must provide the EEOC with a registry of names of attendees for the training session and a declaration by the Liaison affirming that all relevant employees attended the training session.

POLICIES

40.    Within 90 days from the entry of this Decree, Walgreens must maintain and disseminate a discrimination, harassment, and retaliation policy that, at a minimum, meets the following criteria:

A.    Prohibits discrimination, harassment, and retaliation against any employee or applicant because of pregnancy, pregnancy-related conditions, or engaging in protected activity in violation of Title VII or the ADA.

B.    Prohibits any act, policy, or practice that has the effect of discriminating or retaliating against any employee or applicant in violation of Title VII or the ADA.

C.    Provides a process for Walgreens' employees and applicants to report or complain about discrimination and retaliation prohibited by Title VII or the ADA and provides a process by which Walgreens will investigate and resolve all such reports and complaints.

D.    Explains where, when, how, and to whom, an employee or applicant can report or complain about discrimination or retaliation.

E.    Provides the email address and telephone number for reporting or complaining about discrimination or retaliation.

F.    Provides that Walgreens will provide any employee or applicant who reports or complains about discrimination or retaliation under Title VII or the ADA with notice of the decision reached.

G.    Provides that Walgreens will discipline, including discharge, any employee who engages in discrimination or retaliation prohibited by Title VII or the ADA.

41.    Within 15 days of entry of the Decree and within 15 days of implementing, modifying, or revoking such a policy, Walgreens will ensure that the policy remains available to all current employees.

42.    Walgreens must provide the EEOC with a copy of the policy or policies.

43.    Walgreens must provide the applicable policy to any applicant or employee who requests it.

RECORDS

44.    During the operation of this Decree, Walgreens must preserve and maintain all materials, electronic or otherwise, that are relevant to this action.

45.    During the operation of this Decree, Walgreens must preserve and maintain all materials, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.  Walgreens must comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by federal law.

COMMUNICATION

46.    Walgreens must send all communications (including, but not limited to, all notices, reports, information, declarations, etc.) related to or required by this Decree to the EEOC through the Liaison or Walgreens' attorneys of record via email to **all** of the following addresses:

>andrew.kingsley@eeoc.gov
>elizabeth.owen@eeoc.gov
>peter.theis@eeoc.gov
>gregory.juge@eeoc.gov
>alberto.carrion@eeoc.gov

(The EEOC may, from time to time, unilaterally add or remove addresses from this list or alter the way it seeks to receive such written communications.)

POSTINGS

47.    Within 15 days of the entry of this Decree, Walgreens must post a Notice to Employees (attached hereto as Exhibit B) enlarged to at least 11 by 17 inches, at the Masonic Drive store in Alexandria, LA in the place where other notices to employees or applicants are customarily posted. It must remain posted there for the duration of this Decree.

48.    Within 15 days of the entry of this Decree, Walgreens must post a physical copy of the applicable discrimination and retaliation policy at the Masonic Drive store in Alexandria, LA in the place where other notices to employees or applicants are customarily posted. The current policy must remain posted there for the duration of this Decree.

SUCCESSORS

49.     Walgreens must provide a copy of this Decree to any natural or juridical person acquiring, merging with, or becoming an owner, member, or manager of Walgreens prior to the effectiveness of such acquisition, merger, ownership, management, or membership.

EEOC's REPORTING REQUIREMENTS TO
THE INTERNAL REVENUE SERVICE

50.     EEOC is required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes.

51.     EEOC will provide Defendant with a copy of IRS Form 1098-F that Defendant will then provide to the IRS.

52.     The EEOC has made no representations whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

53.     The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

54.     So that the EEOC can comply with its reporting requirements to the IRS, within ten (10) days of the entry of the Decree, Defendant shall provide the EEOC

with (a) Defendant's EIN, and (b) the full name of the individual and the physical address to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one.  The identified individual must be an employee of Walgreen Co.

ENFORCEMENT

55.    If Walgreens fails to comply with the terms of this Decree, in whole or in part, the Commission has a right to enforce the obligations of the Decree. The Commission will provide 10 days' notice to Walgreens of any deficiency in complying with the terms of the Decree.  If the parties are unable to reach agreement regarding resolution of any such deficiency in Walgreens' compliance with the terms of the Decree within 30 days from the notice of deficiency, the Commission will then have the option of petitioning the Court for relief.  Any notice by the Commission regarding any deficiency of the Decree will be emailed to Walgreens' counsel at mweiner@kuchlerpolk.com.

In Alexandria, Louisiana, this ___15th_____ day of __March_____ , 2024.

_____
UNITED STATES DISTRICT JUDGE

### EXHIBIT A

#### RELEASE

In consideration for $_____ paid to me by Walgreen Co., in connection with the resolution of *U.S. Equal Employment Opportunity Commission v. Walgreen Co.*, No. 2:20-cv-02511 (W.D. La.), I, _____, waive my right to recover for any claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") that I had against Walgreen Co., prior to the date of this release and that were included in the claims alleged in U.S. Equal Employment Opportunity Commission's complaint in the above-referenced action.

This _____ day of _____ , _____ .
      DATE              MONTH            YEAR

_____
SIGNATURE

**ADDRESS:**

_____

_____

_____

EXHIBIT B

NOTICE TO EMPLOYEES

The Civil Rights Act of 1964 is a federal law that prohibits an employer from discriminating against an applicant or employee on the basis of disability and pregnancy or retaliating against an applicant or employee who reports that their employer discriminated on the basis of disability or pregnancy, who reports that
their employer allowed others to discriminate on such bases, who files a charges of discrimination with the EEOC, or who participates in the investigation or prosecution of such a charge.

**Specifically, these laws prohibit an employer from subjecting an employee to adverse employment action, including termination, because of that employee's disability or pregnancy.**

Walgreens will not tolerate discrimination on the basis of disability or pregnancy and likewise will not tolerate retaliation against any employee for reporting such discrimination. Such discrimination can violate federal law. Any employee who violates the law will be subject to substantial discipline, including termination.

If you believe you or another applicant or employee have been discriminated or retaliated against, please contact the EEOC:

|  |  |
|---|---|
| *Address*: | Attn: Legal Unit |
| | U.S. Equal Employment Opportunity Commission |
| | 500 Poydras Street, Suite 809 |
| | New Orleans, LA 70130 |
| *Telephone*: | 504-635-2533 |
| *E-mail*: | andrew.kingsley@eeoc.gov, |
| | elizabeth.owen@eeoc.gov, or gregory.juge@eeoc.gov |
| *Website*: | www.eeoc.gov |

This Notice to Employees must remain posted continuously by WALGREENS for two years from the date stamped above. This Notice to Employees must not be altered, defaced, removed, or covered.